Nash, C. J.
 

 The defendant is sheriff of Johnston County, and received a writ issued in the name of the present plaintiff, against certain individuals. This precept was by him placed in the hands of his deputy, P. R. Tomlinson, who executed it, but failed to take any bail bond from the defendants. The return on the writ was “ executed by P. R. Tomlinson, D. S.” The
 
 sai. fa.
 
 is to subject the defendant as special bail. The defendant relies on the plea of
 
 nul Uel record.
 
 Under this
 
 *381
 
 plea, om* attention is confined to the judgment set ont in tlie
 
 sci¡fa.
 
 The
 
 sci.fa.
 
 states that the writ in the original suit came duly to the hands of James Yinson, who was sheriff, &c., and that the said James Yinson, by virtue of the said writ, did, by his deputy, Parker E. Tomlinson, duly appointed, &c., take the bodies, &c. The defendant insists that, from the return endorsed on the writ, i't appears that it was not executed 'by him, but by P. E. Tomlinson, -D. S. Two cases upon this point have been brought to our notice. One from 1st Hay. Rep. 208, (Judge Battle’s edition,)
 
 McMurphy
 
 v.
 
 Campbell,
 
 and the other from 2nd Car. Law Rep., p. 440,
 
 Holding
 
 v.
 
 Holding.
 
 In each, the plea of
 
 nul Uel record
 
 was relied on. They' were each against persons who had been subpoenaed to attend Court as witnesses in favor of the plaintiffs, in suits then pending; in each the return was made by individuals signing their proper names with the affix of the letters “ D. S.” The Court, in each ca'se, recognises the person making the return as the deputy sheriff, but the objection was to the form of the return, which was precisely as in this case. These decisions are, no doubt, right, as applied to those cases. They do not, however, govern this. The defendants, in those cases, were those persons' wlio were at liberty to controvert the return, even if made by the sheriff himself. In the former, the judgment was against the defendant, upon the ground that it was proved that the person making the return was the deputy ; and in the latter, for the defendant, because there was no proof of that fact. In our case, the defendant, is the sheriff who cannot be heard to disavow the official act of his deputy.
 

 Tomlinson, it is admitted, was the defendant’s deputy ; as such, it was within his power to execute the writ in the original suit, and it was his duty to have taken the bail bonds as required by law. Eor this misfeasance, the sheriff is answerable to the plaintiff. Against the deputy, no action could have been sustained by the plaintiff. Ilis remedy is against the sheriff, the principal. There is no error.
 

 Pee OueiaM. Judgment affirmed.